557 A.2d 767

**Nereida MELENDEZ, Appellant,**

v.

**PENNSYLVANIA ASSIGNED CLAIMS PLAN and Travelers Insurance Company.**

**Appeal of Esmaraldo CRUZ and Margaret Hemingway.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1988.

Filed April 20, 1989.

David Deratzian, Philadelphia, for appellant.

Michael Senoyuit, III, Delaware, for appellee.

Before CIRILLO, President Judge, and BECK and KELLY, JJ.

BECK, Judge:

This case presents the issue of whether, under the Financial Responsibility Law, an Assigned Claims Plan insurer may deny a claimant's demand for recovery where the claimant has extinguished the insurer's right to subrogation against a tortfeasor. We find that under these circumstances, the insurer may deny recovery to the claimant.

Appellant Nereida Melendez sustained injuries in an automobile accident on December 14, 1984. On December 12, 1986, she filed a complaint seeking first-party benefits from Travelers Insurance Company (Travelers) under the Penn-

sylvania Motor Vehicle Financial Responsibility Law, (Financial Responsibility Law), 75 Pa.Cons.Stat.Ann. § 1701 et seq. (Purdon Supp.1988). Melendez also filed an action against the alleged tortfeasor, Margaret Hemingway, who was the operator of the vehicle with which Melendez collided. This suit was prosecuted to judgment in an arbitration action. On August 17, 1987, Melendez, without seeking and obtaining approval of Travelers, executed a release in favor of Hemingway.

In March of 1987, Melendez filed an amended complaint against Travelers. Travelers filed a third party suit against additional defendants Margaret Hemingway and Esmeraldo Cruz, the uninsured owner of the vehicle Melendez was operating at the time of the accident. Travelers filed an answer and new matter to Melendez' complaint, and Cruz and Hemingway filed an answer and new matter to Travelers' complaint. Travelers then filed a motion for summary judgment, and Melendez filed a response to this motion. The trial court granted Travelers' motion and Melendez' complaint was dismissed. This appeal followed.

Melendez asserts that the trial court erred in granting Travelers' motion for summary judgment because Melendez' settlement with Hemingway did not discharge Travelers' obligation to pay first-party benefits under the Assigned Claims Plan (ACP).

In reviewing a grant of summary judgment, the Superior Court's function is to determine whether there are genuine issues of triable fact. *Bobb v. Kraybill,* 354 Pa.Super. 361, 511 A.2d 1379 (1986). In deciding a motion for summary judgment, a court must accept as true all well-pleaded facts in the non-moving party's pleadings, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom. To uphold summary judgment, there must be not only an absence of genuine factual issues, but also an entitlement to judgment as a matter of law. *Curry v. Estate of Thompson,* 332 Pa.Super. 364, 368, 481 A.2d 658, 659 (1984).

■ The trial court granted Travelers' motion for summary judgment because it found that appellant's release of Hemingway extinguished Travelers right to subrogation. As was noted by the trial court, subrogation by the Assigned Claims Plan insurer is authorized under section 1756 of the Financial Responsibility Law, which provides:

the Assigned Claims Plan or its assignee is entitled to recover, in accordance with the tort liability law of this Commonwealth, reimbursement for benefits or coverage paid, loss adjustment costs and any other sums paid to an eligible claimant under this chapter.

75 Pa.Cons.Stat.Ann. § 1756. In support of its conclusion that Melendez forfeited her right to recover from Travelers, the trial court relied upon the memorandum decision of this Court in *Rockmore v. The Travelers*, 375 Pa.Super. 630, 541 A.2d 38 (1988). In *Rockmore* the Superior Court held that Travelers' obligation to pay benefits to a claimant was discharged by operation of law where the claimant extinguished Travelers' subrogation rights.

Initially, we note that the trial court should not have relied on the memorandum opinion in *Rockmore.* Memorandum opinions of this court are not precedential. *See Commonwealth v. Kelliher*, 325 Pa.Super. 228, 472 A.2d 1091 (1984). However, we find that the authority relied upon in *Rockmore* applies to the instant case, and that the trial court's conclusion was correct.

■ We hold that claimants seeking recovery from the Assigned Claims Plan forfeit their right to recover from the Assigned Claims Plan where the claimants extinguish the insurer's right to subrogation against a tortfeasor. The question raised by this appeal is an issue of first impression under the Financial Responsibility Law although the principle has been firmly established under the Uninsured Motorist Act, Pa.Stat.Ann. tit. 40, § 2000 (Purdon 1971). *Cotton v. Insurance Company of North America*, 344 Pa.Super. 602, 497 A.2d 254 (1985), held that in the context of the Uninsured Motorist Act, a settlement between a claimant and a tortfeasor, entered into without the Assigned Claims

Plan designee's consent, precluded the claimant from recovering any uninsured motorist benefits from the designee insurer. This conclusion was based upon a provision in the Uninsured Motorist Act, 40 Pa.Stat.Ann. tit. 40, § 2000(e)(2) (Purdon 1971) which provides:

(e) The coverage required by this section does not apply:

(2) To bodily injury sustained by the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor.

In *Cotton* we stated that section 2000(e)(2) was intended "to protect the subrogation rights of the [Plan]." 344 Pa.Super. at 603, 497 A.2d at 255.

Section 1756 of the Financial Responsibility Law also relates to the rights of the insurer to subrogation under the Assigned Claims Plan. Although the language in the Financial Responsibility Law is not identical to that in the Uninsured Motorist Act, we conclude that Section 1756 of the Financial Responsibility Law was enacted to effectuate the same results as section 2000(e)(2) of the Uninsured Motorist Act in protecting subrogation rights of the insurer.

Appellant argues that unlike section 2000(e) of the Uninsured Motorist Act dealt with in *Cotton*, the Financial Responsibility Law provides no absolute right to subrogation. However, section 1756 of the Financial Responsibility Law provides that the Plan's subrogation rights should be construed in accordance with the tort liability law of this Commonwealth.

Under the relevant caselaw of this Commonwealth dealing with both contractual and statutory insurance subrogation issues, it is clear that where an injured party extinguishes an insurer's subrogation rights by settling and releasing an alleged tortfeasor, the injured party loses his right to recover from the insurer. *See Nagle v. Allstate Ins. Co.*, 358 Pa.Super. 82, 516 A.2d 1191 (1986) (plaintiff's settlement with tortfeasors precludes recovery under the Uninsured Motorist Act); *Littlejohn v. Keystone Ins. Co.*,

353 Pa.Super. 63, 509 A.2d 334 (1986) (insured who entered into settlement agreement without written consent of insurer was precluded from recovering uninsured motorist benefits); *Bradford v. American Mut. Liab. Ins. Co.,* 213 Pa.Super. 8, 245 A.2d 478, 479 (1968) (insured who enters into a settlement agreement without the written consent of the insurer may not recover from insurer under Uninsured Motorist Act); *Demmery v. Nat'l. Union Fire Ins. Co.,* 210 Pa.Super. 193, 232 A.2d 21 (1967) (where insured fails to comply with insurance policy subrogation clause, insurer is not required to make payments under the policy).

Protecting the insurer's subrogation rights is necessary to further the Commonwealth's public policy against double recovery. *Rossi v. State Farm,* 318 Pa.Super. 386, 390, 465 A.2d 8, 10 (1983) (applying policy against double recoveries in insurance context.) This policy would seem especially important where an Assigned Claims Plan insurer is involved. The Assigned Claims Plan was established to protect certain claimants who would otherwise be unprotected. Frustrating the subrogation rights of an ACP designated insurer would no doubt weaken the Plan. Therefore, it would be imprudent policy to permit double recovery by an ACP claimant who has released a tortfeasor at the expense of the subrogation rights of the Plan.

Melendez also argues that the recent decision of this court *en banc* in *Sparler v. Fireman's Insurance Company of Newark, N.J.,* 360 Pa.Super. 597, 521 A.2d 433 (1987), is dispositive. We disagree. Sparler brought a declaratory judgment action to determine whether his general release of a third party tortfeasor relieved his insurer of its obligation to pay underinsured motorist benefits. We find that *Sparler* does not offer guidance. First, *Sparler* did not directly address the subrogation issue. The *Sparler* court stated "in light of our disposition of this case, we need not review the propriety of the (trial) court's determination of this (the subrogation) issue." 360 Pa.Super. at 608, n. 2, 521 A.2d at 438 n. 2. Furthermore, *Sparler* involved the interpretation of language in an insurance contract, not the

construction of the Financial Responsibility Law which we have before us in the instant case. *Sparler*, therefore, is not dispositive.

Finally, appellant maintains that even if she destroyed Travelers' subrogation rights against Hemingway, she did not destroy Travelers' subrogation rights as to a potential second tortfeasor, Cruz. Under the facts of the instant case it is questionable whether Melendez has a tort claim against Cruz. Since Melendez has not demonstrated that she has such a claim against Cruz, we decline to decide the issue.

Since appellant obtained a judgment against and executed a release in favor of tortfeasor Hemingway, thereby extinguishing Travelers' right to subrogation from the tortfeasor, appellant is not entitled to recover again from Travelers for first-party benefits. The trial court was correct in granting Travelers' motion for summary judgment.

Order affirmed.