572 A.2d 762

**Stacy DYER, Appellant,**

v.

**The TRAVELERS, Designee of the Pennsylvania Financial Responsibility Assigned Claims Plan.**

Superior Court of Pennsylvania.

Argued Nov. 28, 1989.

Filed April 3, 1990.

Arnold H. Winicov, Philadelphia, for appellant.

Jeffrey P. Hoyle, Philadelphia, for appellee.

Before CAVANAUGH, BROSKY and BECK, JJ.

BECK, Judge.

Under the Motor Vehicle Financial Responsibility Law is the Assigned Claims Plan insurer liable to a claimant where the claimant has obtained an arbitration award against the tortfeasor, but where the claimant has not released the tortfeasor? We find that the Assigned Claims Plan is not liable to the claimant and we affirm the trial court.

Appellant Stacy Dyer appeals an order granting summary judgment in favor of appellee The Travelers, designee of the Assigned Claims Plan, under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") 75 Pa. Cons.Stat.Ann. §§ 1701–1798 (Purdon Supp.1989). Dyer sustained injuries as a result of an automobile accident. All persons and all vehicles involved in the accident were uninsured. Dyer filed suit against Timothy Brown, the driver of the vehicle in which she was riding, and Leonard Ta Deo and John Field, respectively the driver and owner of the vehicle that injured her. Dyer obtained an arbitration award of $10,000 against Brown and Ta Deo, collectively referred to as the "tortfeasors". The arbitration panel found in favor of Field. No appeal having been taken, the arbitration award is final.

Dyer subsequently filed a complaint against The Travelers seeking recovery from the Assigned Claims Plan. Both parties filed motions for summary judgment. The trial judge granted The Travelers' motion based on his conclusion that the arbitration award to Dyer extinguished The Travelers' subrogation right. A motion for summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035. In reviewing an order granting summary judgment, the appellate court examines the record in the light most favorable to the non-moving party, and will not disturb the trial court's order absent an error of law or manifest abuse of discretion. *Young v. Eastern Engineering and Elevator Company, Inc.*, 381 Pa.Super. 428, 430–434, 554 A.2d 77, 78–79 (1989). With this standard in mind, we review Dyer's claims.

Dyer argues on appeal that she has not prejudiced The Travelers' right of subrogation because the arbitration award is assignable to The Travelers. She also contends that the award represents only compensation for pain and

suffering, and therefore The Travelers retains its right of subrogation for her economic claims. Both of these arguments are meritless.

The Assigned Claims Plan Insurer's right of subrogation is authorized by statute:

### § 1756. Subrogation

The Assigned Claims Plan or its assignee is entitled to recover, in accordance with the tort liability law of this Commonwealth, reimbursement for benefits or coverages paid, loss adjustment costs and any other sums paid to an eligible claimant under this subchapter.

75 Pa.Cons.Stat.Ann. § 1756 (Purdon Supp.1989). The trial judge found that the arbitration award prejudiced The Travelers' right of subrogation, and that appellant was therefore precluded from recovering from The Travelers under *Melendez v. Pennsylvania Assigned Claims Plan*, 384 Pa.Super. 48, 557 A.2d 767 (1989).

*Melendez* involved a claimant who, without the consent of the Assigned Claim Plan designee, obtained an arbitration judgment against and executed a release in favor of the driver of the uninsured vehicle that injured her. The Superior Court concluded that section 1756 of the MVFRL was enacted to effectuate the same results as section 2000(e)(2) of the Uninsured Motorists Act, which denies coverage under that statute when the party seeking benefits has, "without the written consent of the insurer, ... prosecut[ed] to judgment any action against any person who may be legally liable therefor." Pa.Stat.Ann. tit. 40 § 2000(e)(2) (Purdon 1971). The court held that claimants seeking recovery from the Assigned Claims Plan forfeit their right to recover from the Plan when the claimants extinguish the insurer's right of subrogation against the tortfeasor. 384 Pa.Super. at 50, 557 A.2d at 768.

As in *Melendez*, the appellant in this case has obtained an arbitration award against the tortfeasors. Unlike Melendez, she has not executed a release in favor of any of the tortfeasors. She argues that because she can assign the award to The Travelers, she has not "extinguished" Travel-

ers' right of subrogation. We disagree, and hold that claimants who have previously prosecuted a claim against a tortfeasor to a final arbitration award extinguish the subrogation right of the Assigned Claims Plan designee, and are precluded from recovery under the Plan.

Under the MVFRL the right to subrogation is the right of the insurer to stand in the shoes of the claimant and assert the claimant's rights against the tortfeasor. *Daley–Sand v. West American Insurance Company*, 387 Pa.Super. 630, 638–639, 564 A.2d 965, 969–70 (1989). Dyer's actions without The Travelers consent deprived The Travelers of the right to stand in Dyer's shoes. As The Travelers correctly argued in its appellate brief, "... in any litigation the parties involved are presented with choices at every stage of the proceedings. Strategy and efforts at compromise pervade ... the case. The degree of ... diligence and competence with which a case is handled often means the difference between great success and utter failure." Brief of Appellee at 8. Under the MVFRL the statutory right of subrogation includes the right to decide how to proceed against a tortfeasor in order to best preserve the funds in the Assigned Claims Plan.

In the instant case, Dyer proceeded without consent of The Travelers and The Travelers was therefore not in a position to assert Dyer's rights. The Travelers had no control over any aspect of the proceedings which resulted in the arbitration award. Appellant so prejudiced the Travellers' right to subrogation as to extinguish it.

This result is consistent with the Commonwealth's public policy of preserving the fund in the Assigned Claims Plan. "The Assigned Claims Plan was established to protect certain claimants who would otherwise be unprotected. Frustrating the subrogation rights of an ACP designated insurer would no doubt weaken the Plan." *Melendez*, 384 Pa.Super. at 53, 557 A.2d at 769. It would be imprudent policy to place the Plan in a position where it would be forced to accept the consequences of a claimant's actions which were taken without its consent. Equally important,

*Melendez* dictates this result. The only difference between the instant case and *Melendez* is that in the instant case Dyer did not release the tortfeasors. We fail to see why the fact of release should alter the very strong public policy which mandates protecting the integrity of the fund in the Assigned Claims Plan.

Appellant next contends that because the arbitration action sought damages only for pain and suffering, not economic loss, The Travelers' right of subrogation to her economic claims is not prejudiced. She argues that The Travelers could step in and pursue her claim for economic loss. This argument is without merit.

The Report and Award of Arbitrators does not support Dyer's assertion that the arbitrators awarded damages only for pain and suffering, and not for economic loss. Even if it did, Dyer, and therefore the Assigned Claims Plan, would be barred from pursuing damage for economic loss in a subsequent lawsuit. A final, valid, judicial determination on the merits by a court of competent jurisdiction bars any future litigation between the same parties on the same cause of action. It bars relitigation of issues raised, as well as issues that could have been but were not raised. *Noetzel v. Glasgow, Inc.,* 338 Pa.Super. 458, 466–467, 487 A.2d 1372, 1376 (1985), *cert. denied,* 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986). Since Dyer could have sought damages for her economic claim in her action against The Travelers, she would now be barred from bringing a second action for her economic claim. An arbitration award from which no appeal is taken has the effect of a final judgment on the merits. *Ottaviano v. Southeastern Pennsylvania Transportation Authority,* 239 Pa.Super. 363, 369–370, 361 A.2d 810, 814 (1976).

Order affirmed.