580 A.2d 872

**Lisa WALKER, Appellant,**

**v.**

**PENNSYLVANIA FINANCIAL RESPONSIBILITY ASSIGNED CLAIMS PLAN and the Travelers Insurance Company, Appellees.**

Superior Court of Pennsylvania.

Argued May 24, 1990.

Filed Oct. 3, 1990.

David Deratzian, Philadelphia, for appellant.

Thomas P. Kelly, Philadelphia, for appellees.

Before WIEAND, McEWEN and HUDOCK, JJ.

WIEAND, Judge:

The issue in this appeal is whether an Assigned Claims Plan insurer is liable for benefits under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq., where the claimant has permitted a judgment to be entered against her in her action at law against the uninsured tortfeasor. The trial court held that the Assigned Claims Plan carrier was not liable under such circumstances and entered summary judgment in its favor. We affirm.

Lisa Walker sustained personal injuries in a two car accident at 38th and Chestnut Streets, Philadelphia, on October 5, 1984. At the time of the accident, Walker was driving an uninsured vehicle owned by Curtis Walker and collided with a vehicle owned and operated by Christopher Clinton. Clinton's vehicle was also uninsured. In 1985, Walker received basic loss benefits in the amount of five hundred ninety ($590) dollars from Travelers Insurance Company, the carrier designated by the Assigned Claims Plan. When Travelers failed to receive information requested from the claimant, however, it terminated the payment of benefits and, in August, 1986, after repeated requests for information had gone unanswered, closed its file. In September, 1986, Walker filed a civil action seeking tort damages against Clinton, the other driver. Clinton employed counsel and defended the action. Pursuant to Phila-

delphia's compulsory arbitration system, a hearing was held on October 9, 1987. Although Clinton was present at the hearing, Walker failed to appear. An award, therefore, was entered in favor of Clinton; and when Walker did not appeal, judgment was entered on the arbitrators' award.

Walker then filed an action seeking additional benefits from the Assigned Claims Plan and its designated carrier, Travelers Insurance Company. After the pleadings had been closed, the defendants moved for summary judgment. Their motion was supported by unanswered affidavits reciting that Travelers had not been consulted or given notice of Walker's action against Clinton. The trial court concluded that Walker's conduct in the third party action had prejudiced the insurer's subrogation rights and entered summary judgment in favor of the carrier. Walker appealed.

A motion for summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. No. 1035(b). In reviewing an order granting summary judgment, we examine the record in the light most favorable to the non-moving party. *French v. United Parcel Service,* 377 Pa.Super. 366, 371, 547 A.2d 411, 414 (1988); *Thorsen v. Iron and Glass Bank,* 328 Pa.Super. 135, 140–141, 476 A.2d 928, 930 (1984); *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982).

The Motor Vehicle Financial Responsibility Law, at 75 Pa.C.S. § 1756, protects the subrogation rights of an assigned claims carrier as follows:

The Assigned Claims Plan or its assignee is entitled to recover, in accordance with the tort liability law of this Commonwealth, reimbursement for benefits or coverages paid, loss adjustment costs and any other sums paid to an eligible claimant under this subchapter.

In *Melendez v. Pennsylvania Assigned Claims Plan*, 384 Pa.Super. 48, 557 A.2d 767 (1989), the Court concluded that this section of the statute "was enacted to effectuate the same results as section 2000(e)(2) of the Uninsured Motorist Act." [1] *Id.*, 384 Pa.Superior Ct. at 52, 557 A.2d at 768. Section 2000(e)(2) denies uninsured motorist coverage when the party seeking benefits has, "without the written consent of the insurer, ... prosecut[ed] to judgment any action against any person who may be legally liable therefor." *Dyer v. The Travelers, Designee*, 392 Pa.Super. 202, 205, 572 A.2d 762, 763 (1990). The *Melendez* Court held, therefore, "that claimants seeking recovery from the Assigned Claims Plan forfeit their right to recover from the Plan when [they] extinguish the insurer's right of subrogation against the tortfeasor." *Id.* See also: *Dyer v. The Travelers, Designee, supra*, 392 Pa.Superior Ct. at 205, 572 A.2d at 763; *Cotton v. Insurance Co. of North America*, 344 Pa.Super. 602, 497 A.2d 254 (1985).

In *Melendez*, the claimant had recovered an arbitration award against the third party tortfeasors and, without the consent of the carrier, had released the third parties from any further liability. In the instant case, the claimant's third party tort action resulted in a final judgment in favor of the alleged tortfeasor. This judgment has extinguished the insurance carrier's subrogation rights as effectively as did the release in *Melendez*. Because Travelers' subrogation interests have been extinguished without its consent by the final judgment in appellant's legal action against the tortfeasor, appellant must be deemed to have forfeited any right which she might otherwise have to recover benefits from the assigned risk carrier.

Appellant seeks to distinguish *Melendez* because, in the instant case, Travelers had already made payments of first party benefits when appellant commenced a third party action. She argues that, because of such payments, Travelers had a duty to act promptly to protect its own subrogation interest by taking over appellant's third party action. There is no merit in this argument. In the first place,

1. Act of August 14, 1963, P.L. 909, § 1, as amended, 40 P.S. § 2000.

*Melendez* and *Dyer* leave no room for such a distinction. Secondly, the record in this case is clear that Travelers was not given notice of appellant's action against the tortfeasor and was not invited to join therein.[2] Nevertheless, without the insurance carrier's consent, appellant proceeded to extinguish the carrier's subrogation rights. Having destroyed those rights, appellant cannot recover in this action against Travelers, and the trial court correctly so held.

■ Appellant also contends that the Assigned Claims Plan acted arbitrarily and violated principles of due process. We do not consider this argument. It was not previously raised in the trial court and, therefore, has not been preserved for appellate review. See: *Gerace v. Holmes Protection of Phila.*, 357 Pa.Super. 467, 476, 516 A.2d 354, 359 (1986), *appeal denied*, 515 Pa. 580, 527 A.2d 541 (1987); *Kovach v. General Telephone Co. of Pennsylvania*, 340 Pa.Super. 144, 149, 489 A.2d 883, 885 (1985).

Judgment affirmed.

**2.** Knowledge of appellant's action against the tortfeasor will not be inferred from the notice given by a passenger in the Walker vehicle that the passenger was pursuing a legal action against the alleged tortfeasor.