## Davis v. Travelers Insurance Co.

*Aaron Pogash,* for plaintiff.
*Susan Tabor,* for defendant.

DOTY, *J.,* February 11, 1991—This is an action for first-party and other benefits under the Motor

Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. This matter comes before this court on the motion for summary judgment of defendants, Travelers Insurance Company and the Pennsylvania Financial Responsibility Assigned Claims Plan. By order of this court dated October 3, 1990, defendants' motion was granted. As plaintiff, Mary Ann Davis has appealed this matter to the Superior Court (No. 3111 PHL 90); we file this opinion in support of our order.

This matter arises from a motor vehicle accident which allegedly occurred on May 21, 1986. Plaintiff was allegedly injured when the uninsured vehicle in which she was a passenger was struck in the rear by a motor vehicle owned and operated by James H. Francis.

Plaintiff commenced an action against James H. Francis on May 31, 1988, by filing a writ of summons. This was 10 days after the two-year statute of limitations had run. The action was dismissed on February 7, 1989 for plaintiff's failure to file a complaint and failure to appear at the scheduled arbitration hearing. On February 9, 1989, two days after dismissal, plaintiff filed a complaint against Mr. Francis without leave of court. On October 2, 1989, plaintiff reinstated the February 9, 1989 complaint and served it on Mr. Francis by certified mail. Plaintiff then commenced the instant action against Travelers and the Plan by filing a complaint against them on October 19, 1989. This was within the four-year statute of limitations for first party benefits under the Motor Vehicle Financial Responsibility Law as set out in 75 Pa.C.S. §1721(a). Thereafter, Travelers and the Plan moved for summary judgment.

## DISCUSSION

Under Pa.R.C.P. 1035(b) summary judgment may be granted only if there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." It is well-established that summary judgment may be granted only in the clearest of cases, where the right is clear and free from doubt. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979). Thus, for purposes of our inquiry herein, we will accept as true all well-pled facts set forth in plaintiff's pleadings giving him the benefit of all reasonable inferences to be drawn therefrom. See *Just v. Sons of Italy Hall,* 240 Pa. Super. 416, 368 A.2d 308 (1976); *Ritmanich v. Jonnel Enterprises Inc.,* 219 Pa. Super. 198, 280 A.2d 570 (1971).

The issue in this case is whether Travelers and the Plan can be held liable for first-party and other benefits claimed by plaintiff in her complaint. We find that they cannot.

Title 75 Pa.C.S. §1756 provides as follows:

"The Assigned Claims Plan or its assignee is entitled to recover, *in accordance with the tort liability law of this Commonwealth,* reimbursement for benefits or coverages paid, loss adjustment costs and any other sums paid to an eligible claimant under this subchapter."

This section, in effect, places the ultimate burden of paying the costs of accidents upon the tort-feasor. It does so by allowing the Plan and its assignee to be subrogated by the tort-feasor. The burden of paying the costs of motor vehicle accidents is therefore shifted away from the premium paying public, who financially support the Plan, to the tort-feasor.

The effect of subrogation is to substitute the subrogee (the insurer) to the rights of the subrogor

(the insured). The rights of the subrogee are no greater than the rights of the subrogor. Therefore, if the insurer attempts to enforce its subrogation rights against the tort-feasor, the insurer will be subject to whatever defenses the tort-feasor has against the insured. Applying these considerations to the instant case, Travelers and the Plan are subject to the same defenses that Mr. Francis has against plaintiff, including a violation of the statute of limitations.

The accident plaintiff complains of occurred on May 21, 1986. However, she failed to bring an action against Mr. Francis until May 31, 1988. This is clearly beyond the two-year statute of limitations set out in 42 Pa.C.S. §5524.

In *Melendez v. Pennsylvania Assigned Claims Plan,* 384 Pa. Super. 48, 51, 557 A.2d 767, 768 (1989), the Superior Court, in affirming the trial court's grant of summary judgment in the Plan's favor, held:

"[C]laimants seeking recovery from the Assigned Claims Plan forfeit their right to recover from the Assigned Claims Plan where the claimants extinguish the insurer's right to subrogation against a tort-feasor."

Plaintiff in the instant case failed to sue the tort-feasor within the statute of limitations and has, therefore, extinguished Traveler's and the Plan's right to subrogate against the tort-feasor. It is clear and free from doubt that Travelers and the Plan are entitled to summary judgment as a matter of law.