590 A.2d 761

**Suzanne SANDS, Appellant,**

v.

**Frank ANDINO and State Farm Insurance Company.**

Superior Court of Pennsylvania.

Argued Jan. 29, 1991.

Filed May 7, 1991.

240

Richard J. Orloski, Allentown, for appellant.

Charles J. Fonzone, Allentown, for State Farm, appellee.

Before CAVANAUGH, CIRILLO and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from an order of the trial court which granted summary judgment in favor of appellee. The sole issue presented for review is whether the trial court's grant of summary judgment was proper.[1] For the reasons set forth below, we affirm.

1. In reviewing the brief filed by appellee, we note that appellee has filed a counterstatement of questions which purports to contain five separate issues. As previously recognized by this court, " '[a]n appellee who files no counter-appeal cannot raise issues not raised by appellant.' " *Arcidiacono v. Timeless Towns of the Americas, Inc.*, 363 Pa.Super. 528, 531 n. 2, 526 A.2d 804, 806 n. 2 (1987), *quoting Philadelphia Bond & Mortgage Co. v. Highland Crest Homes, Inc.*, 235 Pa.Super. 252, 256 n. 1, 340 A.2d 476, 479 n. 1 (1975), *allocatur refused.* Because appellee has not filed a cross-appeal, we are precluded from addressing any issues in appellee's brief which have not been raised by appellant. However, a closer inspection of appellee's counterstatement reveals that appellee is not attempting to improperly raise additional issues; rather, appellee has merely set forth various arguments which would support an affirmance of the trial court's order. Thus, it is evident that appellee has merely mislabeled its "arguments" as "issues". We further observe that appellee's brief is defective in that the purported counterstatement of questions violates Pa.R.A.P., Rule 2116(a), 42 Pa.C.S.A. in that the counterstatement spans two pages. We remind appellee "that the rules [of procedure] are mandatory, not directory, and that in appropriate cases, we will not hesitate to impose sanctions" where a party fails to comply with the rules. *See Pleet v. Valley Greene Associates,* 371 Pa.Super. 530,

Before proceeding to address the question advanced by appellant, it is necessary to briefly recount the relevant facts of this case. On July 11, 1987, appellant, Suzanne Sands, was operating her vehicle in Allentown, Pennsylvania, when her car collided with or was struck by an automobile operated by Frank Andino. Mr. Andino did not maintain insurance as required by the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §§ 1701–1798.4. Andino was therefore an uninsured motorist. At the time of the collision, Sands maintained an insurance policy issued by appellee, State Farm Insurance Co., pursuant to which Sands had purchased uninsured motorists' coverage, with a maximum limit of $50,000.00.

Appellant commenced a civil action against Andino, docketed at No. 87–C2421, on November 5, 1987. Andino never entered an appearance nor otherwise defended the action. Consequently, a default judgment on the issue of liability was entered against Andino on April 4, 1988. A non-jury trial on the issue of appellant's damages was subsequently held on August 17, 1989. Andino again failed to appear or enter a defense, and appellant was awarded $60,000.00 in damages. Judgment on the award was entered on August 21, 1989.

Following the entry of judgment against Andino, appellant notified appellee of the award and requested that appellee pay her $50,000.00 in uninsured motorist benefits. Appellee denied appellant's request, and indicated that the question of appellant's entitlement to uninsured motorists' coverage must be submitted to arbitration since the policy expressly provided that appellee was not bound by any judgment obtained without its consent. On October 10, 1989, appellant initiated this declaratory judgment action in which appellant sought to have the judgment entered against Andino declared binding on appellee. Each party

531–532 n. 1, 538 A.2d 567, 568 n. 1 (1988). Despite these deficiencies, the defects in appellee's brief do not substantially hamper our ability to effectively address the merits of this appeal. Accordingly, we shall consider the arguments raised by appellee insofar as they relate to the issue and arguments which have been properly raised by appellant.

thereafter filed motions for summary judgment. In granting appellee's motion and denying appellant's motion, the trial court concluded that appellee was not bound by the judgment obtained against Andino. This timely appeal followed.

Although not addressed by either of the parties, we must first ascertain whether the declaratory judgment action was properly before the lower court. With regard to this matter, the Declaratory Judgment Act expressly provides that a party is not entitled to declaratory relief with respect to any "[p]roceeding within the exclusive jurisdiction of a tribunal other than a court." 42 Pa.C.S.A. § 7541(c)(2). § 7541(c)(2) has been held applicable to arbitration proceedings, and it is well-settled that a declaratory judgment action may not be entertained with respect to matters that are within the jurisdiction of the arbitrators. *See Jewelcor, Inc. v. Pre–Fab Panelwall, Inc.,* 397 Pa.Super. 78, 82–83, 579 A.2d 940, 942 (1990), *citing Allstate Insurance Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969). *See also, Brennan v. General Accident, Fire & Life Assurance Corp., Ltd.,* 524 Pa. 542, 549, 574 A.2d 580, 583 (1990) (in which the Supreme Court held that once it has been determined that a substantive dispute is arbitrable, the arbitration panel normally has the authority to decide all matters necessary to dispose of the claim, unless the parties have expressly restricted the matters to be submitted to arbitration); *Nationwide Mutual Insurance Co. v. Pitts,* 400 Pa.Super. 269, 271, 583 A.2d 489, 491 (1990) (in which this court held that an issue of whether the insurer was contractually bound to provide underinsured motorist coverage was within the jurisdiction of the arbitration panel); and *Lamar v. Colonial Penn Insurance Co.,* 396 Pa.Super. 527, 530–531, 578 A.2d 1337, 1338–1339 (1990) (in which this court held that a question relating to an insured's intent to select a higher amount of coverage must be submitted to arbitration).

However, the appellate courts have also recognized that "[w]here ... a claimant challenges a provision of an uninsured motorist clause as being contrary to a statute, the

Court of Common Pleas may exercise jurisdiction over the claim." *Azpell v. Old Republic Insurance Co.,* 526 Pa. 179, 183, 584 A.2d 950, 952 (1991), *quoting Davis v. Government Employees Insurance Co.,* 500 Pa. 84, 88 n. 5, 454 A.2d 973, 975 n. 5 (1982) and *United Services Automobile Association Appeal,* 227 Pa.Super. 508, 516, 323 A.2d 737, 741 (1974), *allocatur refused.* As stated by this court:

> [t]he law is clear that, although a case turning on the application or construction of an uninsured motorist clause is within the exclusive jurisdiction of the arbitration system, when the issue is whether a particular provision of the contract is contrary to a constitutional, legislative or administrative mandate, the courts properly exercise their jurisdiction over the entire matter.

*Kester v. Erie Insurance Exchange,* 399 Pa.Super. 206, 209, 582 A.2d 17, 19 (1990), *quoting Daley–Sand v. West American Insurance Co.,* 387 Pa.Super. 630, 637, 564 A.2d 965, 969 (1989).

■ In applying these principles to the facts of this case, we must first examine the policy and determine whether the parties intended to restrict the jurisdiction of the arbitration panel. With regard to this matter, the policy provides:

**Deciding Fault and Amount**

Two questions must be decided by agreement between the insured and us:

1. Is the insured legally entitled to collect damages from the owner or driver of an uninsured motor vehicle or underinsured motor vehicle; and

2. If so, in what amount?

If there is no agreement, these questions shall be decided by arbitration at the request of the insured or us. The Pennsylvania Uniform Arbitration Act, as amended from time to time, shall apply.... The written decision of any two arbitratiors [sic] shall be binding on each party.

*See* Appellee's Cross–Motion for Summary Judgment, Ex-

hibit A (copy of the insurance policy), at 15.[2] Language of this type has been interpreted as providing for broad jurisdiction to be vested in the arbitration panel. *See Brennan, supra.* Consequently, all issues which relate to appellant's entitlement to uninsured motorists' coverage, and the amount of such coverage, must clearly be submitted to arbitration.

■ The dispute in this case does not pertain to the above-quoted language. Rather, the parties disagree as to the effect and operation of the following language contained in the policy:

**Consent to Be Bound**

We are not bound by any judgment against any person or organization obtained without our written consent.

*See* Appellee's Cross–Motion for Summary Judgment, Exhibit A at 17. Appellee seeks to invoke this clause so that appellant will be required to prove the amount of her damages, if the arbitrators determine that appellant is entitled to recover uninsured motorists' benefits under the policy. Appellant, however, objects to the application of the provision on the basis that it contravenes public policy by allowing an insurer to ignore a validly entered judgment. When viewed in this context, it is apparent that the issue in this case does not relate to either of the questions which the parties agreed to submit to arbitration, but involves a question of whether a provision in the insurance policy violates a constitutional, legislative or administrative mandate. Accordingly, we find that the trial court properly exercised jurisdiction over this dispute.

Having reached this conclusion, we must now ascertain whether summary judgment entered in favor of appellee was proper. Summary judgment may only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

**2.** We have elected to use the copy of the insurance policy attached to appellee's motion, as it is the only copy of the policy in the certified record which appears to contain a complete version of the policy.

that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P., Rule 1035, 42 Pa.C.S.A. In reviewing the trial court's grant of a motion for summary judgment, "the appellate court examines the record in the light most favorable to the non-moving party, and will not disturb the trial court's order absent an error of law or manifest abuse of discretion." *Dyer v. The Travelers, Designee of the Pennsylvania Financial Responsibility Assigned Claims Plan*, 392 Pa.Super. 202, 204, 572 A.2d 762, 763 (1990). We shall evaluate appellant's arguments in accordance with this standard.

In support of her claim that the trial court erroneously entered summary judgment in favor of appellee, appellant initially argues that the contract is devoid of any language which would permit the insurer to ignore a *verdict* entered by the trial court. Essentially, appellant suggests that because the insurance policy only refers to *judgments*, and not *verdicts*, appellee is bound by the verdict entered in appellant's favor. Appellant cites no authority for this novel interpretation, nor has our own research uncovered any cases which have interpreted policies in the manner posited by appellant. We nevertheless find appellant's reasoning to be fundamentally flawed.

We first note that the record is devoid of any evidence that a *verdict* was entered against Andino. *See* Appellant's Motion for Summary Judgment, Exhibit E (list of docket entries for appellant's action against Andino). Instead, the record reveals that after the non-jury trial was held on August 17, 1989, a *judgment* was entered on August 21, 1989. *See id.*, Exhibits A (copy of order, dated 8/21/89, which enters judgment in favor of appellant and against Frank Andino), and E. Further, it was procedurally impossible for a verdict to have been entered in the action against Andino because the case was tried before a judge sitting without a jury. In such instances, the trial court renders a *decision*, not a *verdict*. *See* Pa.R.C.P., Rules 227.4(1)(a) and (b) and 1038(b) and (c) (which make clear the distinction between decisions and verdicts: verdicts are

rendered by a jury, whereas decisions are made by a trial judge). Contrary to appellant's arguments, it is evident that appellant is attempting to bind appellee to a judgment, rather than a verdict.

More importantly, the insurer's use of the term "judgment" necessarily includes the terms "verdict" or "decision of the trial court", since a judgment is nothing more than the official entry of a verdict or decision of the trial judge upon the docket. *See e.g.*, Pa.R.C.P., Rules 227.1, 227.4(1)(b), and 1038, 42 Pa.C.S.A. Consequently, if appellee cannot be bound by any judgments which are obtained without its consent, then it follows that appellee cannot be bound by any decisions or verdicts which form the basis of such judgments. Accordingly, appellant's attempt to avoid application of the consent clause on this basis must fail.

In her next argument, appellant asserts that the clause should not be enforced because it violates public policy, in that the enforcement of such clauses results in a waste of time and judicial resources by forcing claimants to prove liability and damages before two separate tribunals. Appellant again cites no authority in support of this proposition, however, we find her analysis to be erroneous.

Although appellant claims that time and judicial resources will be unnecessarily wasted if consent clauses such as that found in the policy are enforced, appellant's argument ignores the fact that any waste which may have occurred in this case is solely attributable to herself, and not the insurer. The insurance policy clearly delineates appellant's duties under the policy and provides:

### REPORTING A CLAIM—INSURED'S DUTIES

1. Notice to Us of an Accident or Loss.
 The insured must give us or one of our agents written notice of the accident or loss as soon as reasonably possible....

4. Other Duties Under Uninsured Motor Vehicle and Underinsured Motor Vehicle and Death, Dismemberment and Loss of Sight Coverages.

The person making claim also shall: ...

c. under the uninsured motor vehicle and underinsured motor vehicle coverage: ...

(3) send us at once a copy of all suit papers if the person sues the party liable for the accident for damages.

*See* Appellee's Cross–Motion for Summary Judgment, Exhibit A, at 4–5. Further, the consent clause clearly states that the insurer is not bound by any judgments which are obtained without its written consent. *See id.,* at 17.

In examining the policy, it is evident that an insured must notify the insurer of the loss and must further inform the insurer of any action which is commenced against the tortfeasor. The insured is also required to obtain the insurer's written consent in order to bind the insurer to any judgment which may be obtained. From our review of the record, it does not appear that appellant has attempted to comply with the above procedures. Therefore, any unnecessary delay or waste of judicial time and resources in this case has resulted not from the enforcement of the clause, but from appellant's failure to follow the procedures delineated in the policy. Thus, appellant cannot now be heard to complain regarding waste and delay which she herself has occasioned.

 Aside from her mention of time and judicial resources, appellant is unable to identify any other public policy which would be undermined by the enforcement of the consent clause. Although no case has previously addressed this subject, we find that the consent clause furthers, rather than violates public policy. First, we note that appellant seeks to apply the judgment against appellee, who was not a party to the judgment and who did not have notice of the litigation or an opportunity to participate therein. As appellee correctly observes, such a result would be inimical to appellee's due process rights. At a

minimum, due process requires that parties be accorded notice and an opportunity to be heard, and these rights "must be granted at a meaningful time and in a meaningful manner." *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 569 (1972). Enforcement of the judgment against appellee, who had neither notice or an opportunity to be heard, would thus deprive appellee its right to due process.

More importantly, the enforcement of the judgment against appellee would be contrary to the law of this Commonwealth, which requires an insured to obtain an insurers' consent before prosecuting an action against an uninsured motorist to judgment. *See* 40 P.S. § 2000(e)(2) and *Nagle v. Allstate Insurance Co.,* 358 Pa.Super. 82, 88, 516 A.2d 1191, 1194 (1986). Where this requirement has not been met, any judgment secured by the insured cannot be enforced against the insurer. *See* § 2000(e)(2) and *Nagle, supra. See also, Walker v. Pennsylvania Financial Responsibility Assigned Claims Plan,* 398 Pa.Super. 125, 580 A.2d 872 (1990) (holding that a claimant was not entitled to recovery from the insurer where the claimant commenced action against the tortfeasor without knowledge of the insurer and caused a final judgment to be entered in favor of the tortfeasor, thereby extinguishing the insurer's subrogation rights), and *Dyer, supra* (holding that a claimant was not entitled to recovery where she obtained an arbitration award in her favor, but did not notify the insurer of the action, and had thereby extinguished its subrogation rights). In view of these authorities, it is clear that appellee cannot be bound by a judgment which was procured without its consent.

As discussed above, appellee sets forth additional arguments in its brief as to why it should not be bound by the judgment. These theories relate to the doctrines of *res judicata* and collateral estoppel, neither of which apply to this case, since the requisite elements have not been met. *See City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh,* 522 Pa. 44, 54, 559 A.2d 896, 901 (1989)

(identifying the elements of *res judicata*) and *Incollingo v. Maurer,* 394 Pa.Super. 352, 356, 575 A.2d 939, 940 (1990), *allocatur denied,* 526 Pa. 636, 584 A.2d 318 (1990) (which sets forth the elements of collateral estoppel). Because neither of these doctrines is applicable, we need not further address these arguments.

In sum, we reject appellant's specious suggestion that the consent clause can only be applied to judgments and not verdicts. We further find that the consent clause does not violate public policy. Contrary to appellant's arguments, any attempt to bind appellee to a judgment that was obtained without its consent would be contrary to the law of this Commonwealth. More importantly, such an attempt would result in the deprivation of appellee's due process right to notice and an opportunity to be heard. We therefore conclude that the consent clause is valid and enforceable against appellant. Having made this determination, the facts reveal that appellant never obtained appellee's consent to the judgment. Because appellee cannot be bound by a judgment that was obtained without its prior consent, it is clear that appellee is entitled to judgment as a matter of law. Accordingly, we affirm the trial court's grant of summary judgment in favor of appellee.

Order affirmed.