## AETNA CASUALTY AND SURETY COMPANY, Plaintiff,

v.

**Harry J. DEITRICH, administrator of the estate of Judy A. Deitrich, deceased; and Joann M. Deitrich, a minor, by Harry J. Deitrich, her parent and natural guardian, Defendants.**

Civ. A. No. 1:CV–91–0991.

United States District Court, M.D. Pennsylvania.

Oct. 16, 1991.

Dennis J. Bonetti, Peters and Wasilefski, Harrisburg, Pa., for plaintiff.

David B. Dowling, Rhodes & Sinon, Harrisburg, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

Judy A. Deitrich was killed in an automobile accident which occurred on April 30, 1987. Deitrich was a passenger in an automobile operated by Nancy Deiter. The Deiter vehicle was attempting to turn left into the Deitrich driveway when the Deiter vehicle was struck on the passenger side by an automobile operated by George S. Kotkiewicz.

In July of 1987, the Deitrich estate settled with Deiter (an insured of Allstate Insurance Company) for Allstate's policy limits of $50,000. Deitrich was covered by Aetna Casualty and Surety Company (Aet-na) for underinsured motorist coverage. Aetna did not give its written consent to the Deitrich estate to accept the policy limits from Allstate. Recognizing that $50,000 was inadequate to fully compensate the Deitrich estate, a demand for underinsured motorist arbitration was filed.

Defendants formally demanded arbitration on July 10, 1990 when defendants' attorney appointed his clients' arbitrator. On September 4, 1990, Aetna notified defendants' counsel of its arbitrator. On August 2, 1991, counsel for Aetna requested that the arbitration be stayed. On that same date Aetna filed a declaratory judgment action in this court. Aetna claims that the declaratory judgment action raises issues that fall outside the arbitration provision and are properly before this court.

The Aetna policy providing uninsured motorists benefits reads in relevant part:

ARBITRATION

If we and a covered person do not agree:

1. Whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle; or

2. On the amount of payment which may be owed under this insurance;

either party may make a written demand for arbitration in accordance with the provisions of the Pennsylvania Uniform Arbitration Act. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. . . .

Complaint, Exhibit C at 17–18.

In determining whether an issue must be submitted to arbitration, the court must determine " '(1) whether the parties entered into an agreement to arbitrate and (2) whether the dispute comes within the ambit of that agreement.' " *Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988) (citing *Rocca v. Pennsylvania Gen. Ins. Co.*, 358 Pa.Super. 67, 70, 516 A.2d 772, 773 (1986), *app. denied*, 517 Pa. 594, 535 A.2d 83 (1987)). In the present case

there can be no dispute that the insurance policy contains an arbitration provision. This court must determine whether the issues raised by Aetna come within the scope of the arbitration clause or are properly before this court.

Aetna claims that the exclusion found at part c, paragraph A(2) of the policy forecloses defendants from asserting an underinsurance claim. This paragraph provides:

A. We do not provide Uninsured Motorists Coverage for bodily injury sustained by any person:

2. If that person or a legal representative settles the bodily injury claim without our consent.

Complaint, Exhibit C at 5.

Another issue raised in the arbitration concerned defendants' refusal to authorize Aetna to prosecute the third party action. Under the general provisions section, part F-6.A, the policy provides:

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do whatever is necessary to enable us to exercise our rights and shall do nothing after loss to prejudice them.

Complaint, Exhibit C at 7.

The leading Pennsylvania case on the powers of the board of arbitrators in deciding certain underinsured motorists questions is *Brennan v. General Accident, Fire & Life Assurance Corp.*, 524 Pa. 542, 574 A.2d 580 (1990), which gave broad scope to the jurisdiction of an arbitration panel. The arbitration clause at issue in *Brennan* was almost identical to the clause at issue here. The *Brennan* court interpreted the clause by stating "arbitration is mandated whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages." *Brennan*, 574 A.2d at 583.

Prior to *Brennan* similar cases had interpreted the arbitration clauses to pertain to issues of entitlement to collect damages and in what amount. In contrast, *Brennan* involved a "set-off" clause, that is, a provision permitting the company to "set off" from its payments any monies received from third parties. The court stated that such a controversy "in its broadest sense involves a disagreement as to the amount of damages." *Id.* 574 A.2d at 583. However, the court added, "There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated." *Id.* Subsequent cases have taken this language and expanded the scope of arbitration so that it extends to issues of coverage. *See, e.g., Nationwide Mutual Ins. Co. v. Pitts*, 400 Pa.Super. 269, 583 A.2d 489, 491 (1990).

Aetna cites the case of *Fisher v. USAA Ins. Co.*, Civil No. 90-2602, 1991 WL 74872 (E.D.Pa.1991) for the proposition that a determination of whether or not a violation of a consent to settle clause terminates coverage is a judicial decision. However, the court notes that *Fisher* opinion does not refer to the *Brennan* decision decided a year before.

In *Sands v. Andino*, 404 Pa.Super. 238, 590 A.2d 761 (1991), the Pennsylvania Superior Court was faced with an appeal from an order of the trial court which granted summary judgment in favor of defendant on the issue of a "consent to be bound" clause. The Superior Court held that the dispute over the clause does not pertain to the arbitration clause (that is, fault and amount). *Id.* 590 A.2d at 763. The court so decided because the objection to the application of the consent provision was based on the allegation that it contravenes public policy, which was a matter agreed by the parties to be submitted for arbitration. The court held that a trial court can properly exercise jurisdiction over this type of dispute where the question is whether a provision in the insurance policy violates a constitutional, legislative or administrative mandate. *Id.* at 764. The same result was reached in *Erie Ins. Exchange v. Mason*, — Pa.Super. ——, 594 A.2d 741 (1991).

It would thus appear that the trial court can not address the consent clause unless the insured brings a declaratory judgment action and raises the issue that such clause

violates a constitutional, legislative or administrative mandate, *see Sands* and *Erie*, or the suit is before the court where plaintiff brings a suit pursuant to the Pennsylvania Financial Responsibility Assigned Claims Plan, *see Walker v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, 398 Pa.Super. 125, 580 A.2d 872 (1990), or where this same issue is raised on an appeal from an arbitration award, *see Azpell v. Old Republic Ins. Co.*, 526 Pa. 179, 584 A.2d 950, 952 (1991).

This presents an anomaly, for the Pennsylvania courts have upheld the consent provisions of insurance policies containing such provisions. *Sands v. Andino*, 590 A.2d at 761; *Walker v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, 580 A.2d at 872; *Dyer v. The Travelers Ins. Co.*, 392 Pa.Super. 202, 572 A.2d 762, 763 (1990); *Melendez v. Pennsylvania Assigned Claims Plan*, 384 Pa.Super. 48, 557 A.2d 767, 768 (1989). However, this court must assume the arbitrators will apply the law and in the absence thereof, Aetna can appeal. *See* 42 Pa.Cons.Stat.Ann. § 7302.

Therefore, it is necessary to sustain the preliminary objections, compel arbitration and dismiss the declaratory judgment action.