## Pickens v. Travelers Insurance Co.

*Alan Kutner,* for plaintiff.
*Dianne A. Dichter,* for defendant.

HILL, *J.,* November 2, 1992—

### FINDINGS OF FACT

(1) Plaintiff, Benjamin Carl Pickens III, is an adult residing at 1531 North 60th Street, Apt. B, Philadelphia, Pa. 19151.

(2) Defendant Travelers Insurance Company is the assignee of the Pennsylvania Financial Responsibility Assigned Claims Plan. Defendant evaluates and processes assigned applications for benefits in accordance with the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq.

(3) The notes of testimony were not ordered in this case and these findings are based on the court's recollection, notes and the following documents which were submitted for the court's consideration during the trial without objection:

(a) defendant Travelers' trial brief;

(b) plaintiff's Exhibit 1, medical and hospital damages;

(c) plaintiff's Exhibit 2, Dr. Philip Bell's report;

(d) plaintiff's Exhibit 3, report by Dr. E.R. Nunez;

(e) plaintiff's Exhibit 4, health insurance claim form;

(f) plaintiff's Exhibit 5, Philadelphia X-Ray Center records;

(g) plaintiff's Exhibit 6, letter from plaintiff's attorney to Veterans Administration Medical Center/Hospital;

(h) plaintiff's Exhibit 7, court docket sheet in case of *Pickens III v. Anne C. Bynum,* no. 432 April term 1988 (C.P. Phila.);

(i) plaintiff's complaint in the within case;

(j) defendant Travelers' answer and new matter;

(k) plaintiff's reply to defendant's new matter.

(4) On or about December 6, 1987, plaintiff was a passenger in an automobile driven by Tracey Hines.

(5) The automobile was traveling north on Carlisle Street towards the intersection of Carlisle and Parish in Philadelphia, Pa.

(6) The automobile was struck by an automobile driven by Anne C. Bynum which was traveling west on Parish Street towards the intersection of Parish and Carlisle.

(7) Both Carlisle Street and Parish Street are one-way streets. There is a stop sign on Carlisle Street at the intersection with Parish.

(8) Neither automobile involved in the accident had automobile liability insurance coverage and plaintiff had neither uninsured motorist coverage nor personal injury protection coverage applicable to him. Therefore, at the time of the accident, plaintiff was eligible to apply to the plan.

(9) Plaintiff testified that on or about 8:30 p.m. of December 6, 1987, he was travelling to the home of Tracey Hines' mother.

(10) Plaintiff testified that Hines was travelling under 10 mph in a 20- to 25-mph zone. As Hines approached the intersection, Hines looked both ways and proceeded to come to a stop. Hines waited to see if there was any traffic going west. The radio was off, no serious conversation was taking place and Hines proceeded to go through the intersection.

(11) Hines, a licensed driver for 10 to 15 years, previously worked for Yellow Cab Company.

(12) Plaintiff testified that the car driven by Bynum was travelling 40 to 45 mph and that Hines tried to avoid the Bynum car by swerving to the left when he first saw it 60 to 70 feet away.

(13) The impact on Hines' vehicle was on the front right side and front right door.

(14) Plaintiff was knocked about the inside of the vehicle; his head hit the dashboard, his shoulders struck the side of the door, his knee struck the console and he bruised his right knee.

(15) Both parties got out of their cars. Hines called the police but left after five minutes.

(16) Defendant alleges that Hines was partly responsible for the accident.

(17) Dr. Philip Bell treated plaintiff on December 7, 1987.

(18) Plaintiff testified that he has never been sick before and therefore did not go to a doctor through his HMO plan, but rather went to see Dr. Bell because he was in the neighborhood.

(19) Medical expenses totalling $1,975 have been agreed to by counsel. They are itemized as follows:

(a) $1,070 was charged by Dr. Philip Bell: $95 for initial visit, $900 for 18 visits including physical medicine, rehabilitation consultations, microwave diathermy, range of motion exercises, analgesics; $75 for a discharge exam;

(b) $610 for the Philadelphia X-Ray Center;

(c) $295 by Dr. Eusebro Nunez of PM&R Associates; $195 for a comprehensive consultation; $100 for a consultation.

(20) At the time of the accident, plaintiff had medical coverage available to him through an HMO plan which may have covered the medical services. Plaintiff has not shown any evidence that the HMO plan would not cover the expenses.

(21) Plaintiff instituted a tort action for personal injuries by filing a complaint (C.P. no. 8804-432) on April 5, 1988 and service was made on defendant Anne C. Bynum on May 3, 1988.

(22) Defendant Bynum failed to file a responsive pleading to plaintiff's complaint and judgment by default was entered against her on September 3, 1988.

(23) On December 13, 1988, damages were assessed in favor of plaintiff and against defendant in the amount of $8,000 by a Philadelphia Court of Common Pleas arbitration panel in the case of *Pickens III v. Bynum,* C.P. no. 8804-432.

(24) Defendant Bynum failed to appeal the assessment of damages referred to in finding of fact no. 23.

(25) Plaintiff has never succeeded in collecting any portion of his judgment against Bynum.

(26) On or about December 1989, approximately one year after the assessment of damages, plaintiff submitted an uninsured motorist claim to the plan pursuant to

MVFRL §1751 et seq. to recover the damages awarded to plaintiff which he was unable to collect from Bynum.

(27) On or about January 30, 1989, the plan denied plaintiff's claim on the grounds that its subrogation rights had been adversely affected by the entry of the judgment against defendant Bynum.

(28) On January 19, 1990, approximately one year after the rejection by the plan of plaintiff's claim, plaintiff obtained a court order opening the default judgment he had obtained in the action against Bynum. This was an effort by plaintiff to nullify his previous action in jeopardizing the subrogation rights of the plan so that he might successfully pursue his claim for benefits against the plan.

(29) By the terms of the court order of January 19, 1990, opening the judgment against Bynum, the latter was granted 60 days to file a responsive pleading to the complaint filed by plaintiff (see finding of fact no. 21). Under the terms of the aforesaid order, plaintiff was entitled to reinstate the default judgment and any assessment of damages of record if Bynum failed to file a responsive pleading. This was never done.

(30) Plaintiff never instituted any action against Tracey Hines.

(31) Plaintiff alleges that he has sustained severe personal injuries, has been disabled from pursuing his usual activities, has incurred various medical bills and wage loss and, as of the date of the trial, still had headaches and pain. Plaintiff has not had any treatment since February 1988.

(32) Plaintiff alleges that following the accident he was out of work for eight weeks and did not receive any income from his employment as a supply clerk during that time.

(33) Plaintiff filed his complaint in the case at bar on March 12, 1991.

## CONCLUSIONS OF LAW

(1) Defendant Travelers is entitled to a full right of subrogation. The MVFRL protects the subrogation rights of an assigned claims carrier by specifying as follows:

"75 Pa.C.S. §1756. *Subrogation*

"The Assigned Claims Plan or its assignee is entitled to recover, in accordance with the tort liability law of this Commonwealth, reimbursement for benefits or coverage paid, loss adjustment costs and any other sums paid to an eligible claimant under this subchapter."

(2) Claimants seeking recovery from the plan forfeit their right to recover if they extinguish the insurer's right to subrogation against a tort-feasor. *Melendez v. Pa. Assigned Claims Plan,* 384 Pa. Super. 48, 557 A.2d 767 (1989).

(3) A claimant who has previously prosecuted a claim against a tort-feasor to a final arbitration award extinguishes the subrogation right of the plan assignee and is precluded from recovery under the plan. *Dyer v. Travelers,* 392 Pa. Super. 202, 572 A.2d 762 (1990).

(4) As subrogee, an insurance company possesses no greater rights than its insured. *Insurance Co. of North America v. Carnahan,* 446 Pa. 48, 284 A.2d 728 (1971).

(5) Res judicata precludes Travelers from maintaining an action against Bynum.

(6) Plaintiff failed to institute any action against Tracey Hines, a likely tort-feasor, for injuries arising out of the accident in question or join him as a defendant in the action against Bynum. The two-year statute of

limitations which governs the period of time which plaintiff had to institute such action expired on December 6, 1989, prior to the institution of the within action. 42 Pa.C.S. §5524.

(7) The failure of plaintiff to institute his cause of action against Tracey Hines, a likely tort-feasor, within the statutory period extinguished the plan's right to obtain subrogation from Hines. See *Ortiz v. Pa. Financial Responsibility Assigned Claims Plan,* no. 5736 October term, 1990 (C.P. Phila., Oct. 23, 1991).

(8) A plaintiff who fails to exhaust HMO benefits which were available to him before proceeding against the plan is not eligible to recover first-party benefits from the plan or its assigned obligor. 75 P.S. §1755(b); *Grant v. Travelers Insurance Company,* 343 Pa. Super. 310, 494 A.2d 862 (1985).

## DISCUSSION

In the case at bar defendant cannot be held liable for any benefits claimed by plaintiff.

MVFRL §1756, *supra,* places the ultimate burden of paying the costs of accidents upon tort-feasors by allowing the plan and its assignees in an individual case to be subrogated to the rights of the claimant against the tort-feasor. The effect is to subrogate the subrogee, defendant Travelers in the case at bar, to the rights of the subrogor (plaintiff Pickens). Under the MVFRL, the right of subrogation is the right of the subrogee to stand in the shoes of the subrogor, Pickens in the case at bar, and assert the rights of Pickens against the tort-feasor. However, the rights of the subrogee are no greater than the rights of the subrogor. *Insurance Co. of North America v. Carnahan, supra.* Therefore, if the subrogee (Travelers) attempts to enforce its subrogation rights against the tort-feasor, the subrogee will

be subject to whatever defenses the tort-feasor has against the subrogor.

Applying these well known principles, defendant Travelers is subject to the same defenses that Bynum and Hines have against Pickens.

In *Melendez v. Pennsylvania Assigned Claims Plan, supra,* the Superior Court in affirming a summary judgment in the plan's favor, held: ˙

"[C]laimants seeking recovery from the Assigned Claims Plan forfeit their right to recover [when they] extinguish the insurer's right to subrogation against a tort-feasor." *Melendez, supra* at 51, 557 A.2d at 768.

Therefore, plaintiff forfeited his right to recover from defendant by extinguishing defendant's right to subrogation against Bynum and Hines.

Plaintiff, by prosecuting the claim against Bynum to a final arbitration award without Travelers' consent, extinguished Travelers' right of subrogation against Bynum. Claimants who have previously prosecuted a claim against a tort-feasor to a final arbitration award extinguish the subrogation right of the plan designee and are precluded from recovery under the plan. *Dyer v. Travelers, supra,* at 205, 572 at 763. "Under the MVFRL, the statutory right of subrogation includes the right to decide how to proceed against a tort-feasor in order to best preserve the funds in the Assigned Claims Plan." *Id.* at 206, 572 A.2d at 764. Plaintiff, therefore, cannot recover from travelers. Since plaintiff has already obtained a final judgment against Bynum, res judicata bars any subsequent suit by Travelers.

In addition, plaintiff failed to sue a likely tort-feasor, Tracey Hines, within the period of the statute of limitations. By failing to institute a timely action against Hines, plaintiff has impaired defendant's full subro-

gation rights, and therefore has rendered himself ineligible for benefits from defendant. See *Ortiz v. Pa. Financial Responsibility Assigned Claims Plan, supra; Davis v. Travelers Insurance Company,* no. 2256 October term, 1989 (C.P. Phila., February 11, 1991), and *Hawkins v. Pa. Assigned Claims Plan,* no. 5767 June term, 1987 (C.P. Phila., order of Nov. 16, 1988). In *Stevens v. Pa. Financial Responsibility Assigned Claims Plan,* no. 3704 August term, 1991 (C.P. Phila.), the undersigned held that where the plaintiff failed to bring suit against a likely tort-feasor, the subrogation rights of the plan had been forfeited. That plaintiff did not believe that such a tort-feasor was responsible for the accident does not make any difference. The law requires plaintiff to preserve the option of the plan to exercise its right to assess the merit of plaintiff's claim against the tort-feasor.

Finally, where a party who is eligible for HMO benefits fails to utilize them, he is thereafter ineligible to recover these particular benefits from the plan or the assigned obligor, 75 P.S. §1755(b); *Grant v. Travelers Insurance Company, supra.* In the case at bar, plaintiff failed to prove that he exhausted his HMO benefits before proceeding against the plan. Plaintiff testified that he did not utilize his HMO plan because he had a doctor in the neighborhood and never went to his HMO doctor before.

Accordingly, a verdict must be entered in favor of defendant and against plaintiff.

## ADJUDICATION

And now, November 2, 1992, a verdict is entered in favor of defendant, Travelers Insurance Company, and against plaintiff, Benjamin Carl Pickens III.