**Penns Valley Area School District
v. Mid-State Construction Inc.**

*Scott C. Etter,* for plaintiff.
*Theodore A. Adler,* for defendant.
*Michael J. Reed,* for additional defendant Chambers.
*Gary N. Stewart,* for additional defendant Action.

RUEST, *J.,* July 29, 2010—Presently before the court are a motion for summary judgment filed by defendant Mid-State Construction Inc., a motion for summary judgment filed by third-party defendant Action Floor Systems LLC, and a motion in limine to preclude evidence concerning the defective nature of the gymnasium floor and responsibility therefore filed by plaintiff Penns Valley Area School District. Oral argument was held on June 3, 2010. Upon consideration of the briefs, arguments, and relevant case law, the court determines as follows:

## BACKGROUND

This matter arises out of a dispute over responsibility for the replacement and costs associated with an allegedly defective gymnasium floor. In or about 2004, Penns Valley contracted with Mid-State, a general contractor,

to commence several construction projects which included renovations and additions to the Penns Valley Elementary School Building. Construction at the elementary school building included the installation of a new hardwood gymnasium floor. Third-party defendant Chambers & Sons Hardwood Flooring Inc. entered a sub-contract with Mid-State to install the gymnasium floor. Flooring materials were supplied by Action. The applicable contract documents between Penns Valley and Mid-State included a special project warranty for the gymnasium floor and a number of special instructions pertaining to installation of the floor.

Chambers completed installation of the gymnasium floor in or about February of 2005. Penns Valley subsequently advised Mid-State that the floor was defective, but Penns Valley was willing to conditionally accept the floor if Mid-State would extend the warranty on materials and workmanship. Mid-State, Chambers and Action agreed to offer an extended warranty. In or about February of 2006, Penns Valley informed Mid-State that the flooring was unacceptable. After remedial efforts by Chambers proved unsuccessful, Penns Valley rejected the floor and directed Mid-State to submit a plan for the removal and replacement of the flooring. Mid-State subsequently demanded arbitration, complaining Penns Valley was illegally withholding money owed on the project.

At arbitration, the arbitrator heard expert testimony regarding the gymnasium floor and conducted a site visit attended by all parties. Chambers and Action participated in the proceedings as witnesses for Mid-State. The arbitrator found the floor was defective, due to

Chambers' failure to comply with installation specifications, but awarded judgment in favor of Mid-State because Penns Valley had accepted the floor in exchange for the extended warranty. The arbitrator determined Penns Valley could seek full replacement of the floor under its initial warranty or the extended warranty, but did not enter an award to this effect because Penns Valley never filed a counterclaim or demand for affirmative relief.

Following arbitration, Penns Valley demanded replacement of the gymnasium floor and, in April of 2008, notified Mid-State, Chambers and Action that it considered them in default. When no action was taken, Penns Valley began advertising for bids. Chambers eventually replaced the floor, with the exception of the section under the gymnasium bleachers. Penns Valley filed a complaint against Mid-State seeking reimbursement for costs and expenses associated with replacement of the floor, including costs incurred in connection with the arbitration proceedings and current litigation, as well as the future costs and expenses it will incur to replace the section of the floor under the bleachers.

## PROCEDURAL HISTORY

Plaintiff initiated this lawsuit by filing a complaint against Mid-State on December 11, 2008. Mid-State filed an answer with new matter on January 15, 2009. Mid-State additionally filed a third-party complaint on January 29, 2009, naming Chambers and Action as third-party defendants. Chambers filed an answer with new matter on March 30, 2009 and Action filed an answer with new matter on March 31, 2009. Mid-State and Ac-

tion each filed a motion for summary judgment on April 23, 2010, and Penns Valley filed a motion in limine the same day. Mid-State filed an answer to Action's motion for summary judgment, Penns Valley filed an answer to Mid-State's motion for summary judgment, and Action filed a brief in opposition to Penns Valley's motion in limine. Chambers did not file a response to any of the motions.

## DISCUSSION

### I. *Defendant Action Floor Systems LLC's Motion for Summary Judgment*

Under the Pennsylvania Rules of Civil Procedure, summary judgment may be granted where "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2. Action avers there is no genuine issue of material fact as to the necessary elements of the causes of action asserted by Mid-State because there is no evidence or allegation that the materials provided by Action were defective, or that the failure of the floor to meet project specifications was caused by Action's conduct.

Mid-State claims if it is deemed liable to Penns Valley, Mid-State is entitled to contribution and indemnity from Action. To recover under either theory, Mid-State must establish Action bears responsibility for the failure of the gymnasium floor. See *City of Wilkes-Barre v. Kaminski Brothers Inc.,* 804 A.2d 89, 92 (Pa. Commw. 2002) (indemnity shifts responsibility from a party held

liable to the party whose conduct actually caused the loss); see also, *Brown v. Dickey,* 397 Pa. 454, 155 A.2d 836 (1959) ("The right to contribution is an equitable right based on common liability to the plaintiff."). However, neither Mid-State nor Penns Valley has alleged or provided evidence that the materials provided by Action were defective or that the defective condition of the floor was caused by Action's conduct. At most, Mid-State and Penns Valley allege Action provided technical advice to Chambers. This advice, however, was rendered after the floor was considered defective and neither Mid-State nor Penns Valley claims Action's advice contributed to the defective condition. Additionally, in its motion in limine, Penns Valley maintains improper installation was the sole cause of the problem, as found by the arbitrator.

Where the non-moving party fails to adduce sufficient evidence on an issue essential to his case such that a jury could return a verdict in his favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel v. Patriot-News Company,* 544 Pa. 93, 95, 674 A.2d 1038, 1042 (1996). As Mid-State has not adduced evidence that Action caused or contributed to the defective condition of the gymnasium floor, Mid-State's claim for contribution and indemnification cannot withstand summary judgment.

Mid-State also seeks recovery against Action for breach of express warranty, breach of the implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose. These claims also cannot survive summary judgment. The express warranty provided by Action states that Action warrants "the *material* it shipped . . . will be free from defects in ma-

terials and workmanship . . . ." Both implied warranty actions require Mid-State prove, inter alia, the flooring materials were not of merchantable quality or were not fit for their particular purpose. Mid-State has not alleged the materials were defective or otherwise presented evidence of a defect. As Mid-State has failed to adduce sufficient evidence of an issue essential to its warranty claims, there is no genuine issue of material fact and Action is entitled to judgment as a matter of law.

## II. *Mid-State Construction Inc.'s Motion for Summary Judgment*

The issue raised in Mid-State's motion for summary judgment is whether the damages sought by Penns Valley are recoverable under the terms and conditions of the parties' contract. Mid-State claims it is entitled to summary judgment because costs incurred by Penns Valley in connection with the arbitration, attorneys' fees and costs associated with the current litigation, and incidental costs related to Penns Valley seeking to invite bids to replace the floor are not recoverable under the parties' contract. Penns Valley maintains the costs and expenses are related to correcting the defective floor and may be recovered pursuant to article 12.2.1.1 of the contract.

When interpreting a contract, the court must first decide whether the term at issue is ambiguous. If no ambiguities are found, the court may regard the interpretation to be a question of law. *Lapio v. Robbins,* 729 A.2d 1229, 1232 (Pa. Super. 1999); *Hutchison v. Sunbeam Coal Corporation,* 513 Pa. 192, 201, 519 A.2d 385, 390 (1986); *Metzger v. Clifford Realty Corp.,* 327 Pa. Super. 377, 385, 476 A.2d 1, 5 (1984). A contract is ambiguous

when a provision is reasonably susceptible to more than one meaning. *Id.* at 386, 476 A.2d at 5.

Article 12.2.1.1 of the parties' contract states:

"The contractor shall promptly correct work rejected by the architect for failing to conform to the requirements of the contract documents, whether discovered before or after substantial completion and whether or not fabricated, installed or completed. Costs of correcting such work, including additional testing and inspections and compensation for the architect's services and expenses made necessary thereby, shall be at contractor's expense."

Article 12.2.1.1 is not ambiguous. The plain language clearly evinces the parties' intent to assign Mid-State responsibility for correcting defective work and expenses made necessary thereby. The parties disagree upon whether, by this term, Mid-State must bear responsibility for certain costs at issue. However, "a contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction." *Id.* As the court has determined the provision at issue is not ambiguous, interpretation of the provision is a matter of law.

The court first considers Penns Valley's request for attorneys' fees and litigation costs. Generally, "parties to litigation are responsible for their own counsel fees and costs unless otherwise provided by statutory authority, agreement of the parties, or some other recognized exception." *Wrenfield Homeowners Association Inc. v. DeYoung,* 410 Pa. Super. 621, 626, 600 A.2d 960, 962 (1991). The contract at issue contains no express agree-

ment authorizing recovery of counsel and litigation fees and article 12.2.1 A is not susceptible to such an interpretation. Therefore, Penns Valley may not recover counsel and litigation fees through this contract action.

Second, the court considers Penns Valley's claim for costs related to the arbitration proceedings including, inter alia, payment for expert witnesses, staff compensation, attorneys' fees and arbitrator's fees. These expenses and fees are not "costs of correcting [defective] work, including additional testing and inspections and compensation for the architect's services and expenses made necessary thereby," as contemplated under article 12.2.1.1. Additionally, the arbitration expenses were not incurred in an effort to correct defective work. Rather, Mid-State initiated the arbitration claim and Penns Valley incurred the expenses to defend withholding payment for the floor Penns Valley never filed a counterclaim or demand for affirmative relief. As the costs associated with arbitration were neither incurred to correct defective work nor contemplated by the parties' agreement, Penns Valley may not recover these costs through this action.

Finally, Penns Valley seeks compensation for incidental costs related to Penns Valley initially seeking to invite bids to replace the floor and costs of replacing the portion of the floor that has yet to be remedied. These costs are the type intended to be borne by Mid-State under article 12.2.1.1 of the contract and may properly be sought in this action.

It is appropriate to grant summary judgment where contract terms are clear and unambiguous and there is an absence of substantial factual disputes. *Henry v. First Federal Savings & Loan Association of Greene County,*

313 Pa. Super. 128, 134-35, 459 A.2d 772, 775 (1983). As the sole issue in Mid-State's motion is one of contractual interpretation and does not require resolution of underlying facts, summary judgment is appropriate to dismiss Penns Valley's claims for costs associated with arbitration and attorneys' fees and costs in the current litigation. Penns Valley may proceed on its claims for expenses associated with correction of the defective work, including costs incurred to invite bids to replace the floor.

### III. *Penns Valley Area School District's Motion in Limine*

Penns Valley seeks to preclude the parties from introducing evidence of the defective nature of the gymnasium floor and responsibility therefore. Penns Valley maintains under the doctrine of collateral estoppel, Mid-State, Chambers and Action may not re-litigate this issue. Mid-State indicated at oral argument that it does not oppose Penns Valley's motion. Although Action opposes the motion, Action's motion for summary judgment was granted by this order. Chambers did not file a response or appear at oral argument.

To successfully invoke collateral estoppel, the movant must establish "(1) the issue decided in the prior adjudication was identical with the one [present] in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted [had] a full and fair opportunity to litigate the issue in question in the

prior action." *Safeguard Mutual Insurance Company v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975).

In the instant matter, the elements of collateral estoppel have been met. Mid-State was a party to the arbitration and the defective nature of the gymnasium floor was an issue in the proceedings. The arbitrator entered numerous findings on this issue which, under Pennsylvania law, are considered final judgments for the purposes of collateral estoppel. *Dyer v. Travelers,* 392 Pa. Super. 202, 207, 572 A.2d 762, 764 (1990). Finally, Mid-State had a full and fair opportunity to litigate the issue. Therefore, Mid-State may not present evidence concerning the defective nature of the gymnasium floor and responsibility therefore.

The requirements of collateral estoppel have also been met in regards to Chambers because Chambers and Mid-State shared a contractual relationship and their interests in the arbitration proceedings were substantially identical. Privity exists, for purposes of collateral estoppel, where two parties share such an identification of interest of one party with another as to represent the same legal right. *Catroppa v. Carlton,* 998 A.2d 643 (Pa. Super. 2010), citing *Ammon v. McCloskey,* 440 Pa. Super. 251, 260-61, 655 A.2d 549, 554 (1995). At issue in the arbitration proceedings was Mid-State's right to payment for the gymnasium floor and, as part of this determination, the issues of the defective nature of the gymnasium floor and responsibility therefore were fully litigated. Additionally, Chambers participated in the proceedings. As Chambers was in privity with Mid-State and the remaining elements of collateral estoppel were met, Chambers may not re-litigate this issue.

284

Accordingly the following is entered:

ORDER

And now, July 29, 2010, the following is the order of the court:

(1) Third-party defendant Action Floor Systems LLC's motion for summary judgment is granted.

(2) Defendant Mid-State Construction Inc.'s motion for summary judgment is granted in part and denied in part. Plaintiff Penns Valley Area School District's claims for costs, expenses and counsel fees associated with arbitration proceedings and attorneys' fees and costs incurred in the current litigation are hereby dismissed. Penns Valley may proceed on the additional claims in its complaint.

(3) Plaintiff Penns Valley Area School District's motion in limine to preclude evidence concerning the defective nature of the gymnasium floor and responsibility therefore is granted.